

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAM
F. #2018R01064

*610 Federal Plaza*
*Central Islip, New York 11722*

April 16, 2019

**TO BE FILED UNDER SEAL**

The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
1040 Federal Plaza
Central Islip, New York 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 17 2019 ★

LONG ISLAND OFFICE

    Re:    United States v. Michael Cohn
             Criminal Docket No. 19-097 (JFB)

Dear Judge Bianco:

        The government respectfully moves the Court to substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not otherwise filed under seal. In connection with that motion, the government respectfully requests that the Court enter the enclosed proposed order, which is attached hereto. Defense counsel joins in this application.

I.    Background

    A.    The Indictment and Offense Conduct

        The Indictment charges the defendant with one count of obstruction of justice and one count of unauthorized disclosure of confidential information. As described below, the defendant, while employed in the United States Securities and Exchange Commission's ("SEC") Enforcement Division, accessed propriety information regarding the SEC's investigation into GPB Capital Holdings, LLC ("GPB") from SEC servers. He then disclosed information regarding the investigation to senior members of GPB's management immediately prior and subsequent to taking a lucrative job with GPB.

        The defendant is currently serving as GPB's Managing Director and Chief Compliance Officer. Prior to joining GPB in or about October 2018, the defendant worked

as a Securities Compliance Examiner and Industry Specialist in the SEC's Enforcement Division, where he investigated and supported enforcement actions against registered and private funds for violations of federal securities laws. The defendant previously was the Chief Risk Officer at Cynthion Partners, a private equity fund, and served in compliance roles at investment banking firms such as Goldman Sachs and Merrill Lynch.

As a member of the SEC's Enforcement Division, the defendant had access to SEC computer and communications resources, including internet access and email, via his own unique employee account on the SEC network. To access a computer or terminal on the SEC network, the defendant would have to input a unique username and password, which gave him access to the SEC network. The defendant's employee account could also be used to access various databases containing confidential information relating to SEC investigations maintained on the SEC network.

At no point during his employment was the defendant assigned to work on or assist on any GPB-related matter, nor did SEC attorneys or investigators request the defendant's assistance on any GPB-related matter.

Nevertheless, on three separate occasions in September of 2018, the defendant accessed SEC databases and retrieved highly-sensitive, confidential information related to the SEC's GPB investigation, including files relating to confidential whistleblowers, privileged attorney-client work product, and law enforcement contacts with the SEC regarding GPB. At the same time, the defendant was actively interviewing for a position at GPB, during which he disclosed information relating to the SEC investigation to several individuals at GPB.

The defendant's last day at the SEC was October 12, 2018, and he accepted a $400,000-per year position with GPB four days later. After beginning his employment with GPB, the defendant again disclosed information relating to the SEC investigation to other individuals at GPB.

B.  The Law Enforcement Investigation of GPB

The defendant's indictment and arrest stems from a larger investigation into GPB. Specifically, the FBI has been investigating GPB and affiliated marketing entities Ascendant Alternative Strategies LLC and Ascendant Capital LLC (collectively "Ascendant") since 2018. GPB manages over $1.4 billion in assets. Despite distributing marketing materials representing that GPB pays investors an 8% annual return funded completely by investment profits, in reality GPB uses the capital contributions of some investors to pay the annual returns to other investors. GPB, therefore, operates like a "Ponzi scheme," in that returns to investors come from money invested by later investors, rather than from the profitability of the investments themselves. The investigation has obtained information from numerous confidential sources, which has been corroborated by documents, bank records and other evidence. As stated previously, the SEC has a parallel enforcement investigation into GPB for similar conduct. At present, while GPB has received

subpoenas and search warrants from law enforcement, the nature and scope of the law enforcement investigation into GPB remains covert.

Upon his arrest on or about February 28, 2019, the defendant was debriefed and agreed to provide information to the government in furtherance of the GPB investigation. Since that time, the defendant proffered on one occasion with counsel and members of law enforcement. The government and defense counsel are actively working on a disposition to the instant charges as part of a cooperation agreement. Meanwhile, the defendant continues to work at GPB.

II.     Analysis

Were the Court not to grant the motion to substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal, the defendant's cooperation would become readily apparent, and significant compelling interests would be prejudiced.

First, revealing the fact of the defendant's cooperation would jeopardize the ongoing grand jury investigation into GPB. The Second Circuit has found that preserving the secrecy of an ongoing investigation is a compelling interest that courts should consider in deciding whether to seal certain parts of a proceeding. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) (upholding sealing of plea agreement to protect investigation, in part because alerting "potential targets of the investigation," could cause the witness "to be reluctant about testifying," and expose innocent subjects of the investigation to "public embarrassment"). The principals and co-conspirators of the offenses being investigated have not been apprehended to date, and if the defendant's cooperation was to become known – indeed, if the mere fact of the defendant's indictment became known – those individuals could flee the jurisdiction, destroy evidence, tamper with witnesses and otherwise obstruct justice, which would jeopardize the government's ongoing investigation.

Second, revealing the fact of the defendant's cooperation would place the defendant and his family in danger. Notably, the Chief Executive Officer of GPB is an influential member of the Church of Scientology, which has a history of threatening and intimidating individuals and groups. Indeed, the investigation has revealed that current and former GPB employees – including confidential law enforcement sources – are concerned with retaliation by Scientologists if they cooperate in the investigation. The Second Circuit has found that danger to persons or property is a compelling interest that may outweigh the public's qualified right to access court proceedings or documents. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988).

Finally, revealing the defendant's cooperation would likely harm the ability of law enforcement to secure current and future cooperation from persons similarly situated to the defendant, a fact that also weighs against public disclosure. United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

3

In sum, in the instant case, the parties' compelling interests outweigh the public's qualified right to access the defendant's name. By authorizing the substitution of the name "John Doe" for the defendant's name on the docket sheet, the Court's calendar and public court documents, the Court can protect the parties' interests in a "narrowly tailored" manner, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), while "avoid[ing] sealing documents in their entirety unless necessary." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008). The sealing can be further tailored by requiring the parties to move to substitute the defendant's true name for "John Doe" on the docket sheet and all documents not filed under seal when the parties' compelling interests no longer outweigh the public's qualified right to access.

III.  Conclusion

For the reasons set forth above, the government respectfully requests that the Court enter the enclosed order, file this letter under seal and substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal. Counsel for the defendant, Michael Rosensaft, Esq., joins in this application.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____
Artie McConnell
Assistant U.S. Attorney
(631) 715-7825

cc:     Michael Rosensaft, Esq. (By email)