



U.S. Department of Justice

United States Attorney
Eastern District of New York

JAM/LHE
F. #2018R01064

610 Federal Plaza
Central Islip, New York 11722

October 23, 2019

By ECF & E-mail

The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
Central Islip, New York 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 23 2019 ★
LONG ISLAND OFFICE

Re: United States v. Michael Cohn
Docket No. 19-CR-97 (JFB)

Dear Judge Bianco:

The government respectfully submits this letter in anticipation of the above-referenced defendant's arraignment on the enclosed superseding indictment (the "Indictment"). For the reasons detailed below, the government requests that the Court continue the defendant's current bail conditions, which include a bond of $250,000 secured by real property.

## BACKGROUND[1]

The Indictment charges the defendant with one count of obstruction of justice, one count of unauthorized computer access and one count of unauthorized disclosure of confidential information. As described below, in the fall of 2018, the defendant was employed by the United States Securities and Exchange Commission's ("SEC") Enforcement Division, and was pursuing a new, lucrative job in the private sector, as the Chief Compliance Officer at GPB Capital Holdings, LLC ("GPB"). While still employed at the SEC, the defendant accessed highly sensitive and confidential information regarding an SEC investigation into GPB that was stored on SEC servers, without any legitimate work-related purpose. Further, he proceeded to advise individuals at GPB that he had "inside information" about the SEC's investigation into GPB, and disclosed to members of GPB's

---

[1] This proffer of facts is not a complete statement of all facts and evidence of which the government is aware or that it will seek to introduce at trial.

senior management certain sensitive confidential information that he learned from improperly accessing SEC databases.

I. The Defendant

The defendant currently serves as the Managing Director and Chief Compliance Officer of GPB, a private equity firm based in Manhattan and Garden City, New York that manages over $1.5 billion in assets. Prior to joining GPB in or about October 2018, the defendant worked as a Securities Compliance Examiner and Industry Specialist in the SEC's Enforcement Division, where he investigated and supported enforcement actions against registered and private funds for violations of federal securities laws. The defendant previously was the Chief Risk Officer at Cynthion Partners, a private equity fund, and served in compliance roles at investment banking firms such as Goldman Sachs and Merrill Lynch.

II. The Indictment

As a member of the SEC's Enforcement Division, the defendant had access to SEC computer and communications resources, including internet access and email, via his own unique employee account on the SEC network. To access a computer or terminal on the SEC network, the defendant had to input a unique username and password. The defendant's employee account could also be used to access various databases containing confidential information relating to SEC investigations that were maintained on the SEC network.

At no point during his employment by the SEC was the defendant assigned to work on or assist on any GPB-related matter, nor did SEC attorneys or investigators request the defendant's assistance on any GPB-related matter.

Nevertheless, on several occasions in September 2018, the defendant accessed numerous SEC databases and retrieved highly sensitive, confidential information related to an investigation of GPB by the SEC's Enforcement Division, including files containing confidential information, privileged attorney-client work product and law enforcement contacts with the SEC regarding GPB. At the same time, the defendant was actively interviewing for a position at GPB, during which he advised individuals at GPB that he had inside information regarding the SEC's investigation of GPB. Indeed, on various occasions, the defendant disclosed confidential information relating to the SEC investigation to senior management at GPB.

The defendant's last day at the SEC was October 12, 2018, and he accepted a $400,000-per year position with GPB four days later.

III. Argument

A court has four basic options under the Bail Reform Act. It may: (1) order the release of the defendant on personal recognizance or upon executing an unsecured appearance bond; (2) order the release of the defendant, subject to one or more other conditions designed

to assure the defendant's presence and the safety of others; (3) order temporary detention for up to 10 days; or (4) order permanent detention based upon risk of flight or dangerousness. See 18 USC §§ 3142 (a)-(e).

While the government is not seeking the defendant's detention in this matter, we strongly recommend the court continue the current bail conditions, which include the posting of property and the co-signing of a $250,000 bond by sureties for both economic and moral suasion. Additionally, the government is requesting that the defendant surrender his passport to the court, that his travel be limited to the District of Connecticut and the Eastern and Southern Districts of New York, and that he continue to report as directed to a pretrial officer.

Given the defendant's willingness to access and share confidential information and obstruct justice, these conditions are necessary in order to guard against additional obstructive conduct while the GPB investigation remains active. See 18 U.S.C. § 3142(f)(2). "Obstruction of justice has been a traditional ground for pretrial detention by the courts, even prior to detention for dangerousness which was instituted by the Bail Reform Act of 1984." United States v. LaFontaine, 210 F.3d 125, 134 (2d Cir 2000).

IV. Conclusion

For the reasons set forth above, the Court should continue the current bail conditions.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Artie McConnell
Lauren H. Elbert
Assistant U.S. Attorneys
(718) 254-7000