

U.S. Department of Justice

United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

LHE/JAM
F. #2018R01064

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 23 2019 ★
LONG ISLAND OFFICE

October 23, 2019

By ECF

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Michael Cohn
             Criminal Docket No. 19-97 (JFB)

Dear Judge Bianco:

      The government respectfully submits this letter to request that the Court enter the attached proposed protective order (the "Proposed Order") (attached hereto as Exhibit A). The Proposed Order is necessary in order to protect the government's legitimate interest in preventing the disclosure of sensitive information relating to an ongoing federal investigation.

      As described further in the government's letter dated October 23, 2019, requesting that the defendant be continued on his bail conditions, the defendant is charged with obstruction of justice in connection with his accessing, and disclosing, sensitive confidential information maintained by the United States Securities and Exchange Commission (the "SEC") relating to an ongoing investigation by its Enforcement Division. Specifically, while employed by the SEC, the defendant accessed information relating to the SEC's investigation of GPB Capital, LLC ("GPB") then disclosed that information to GPB personnel in connection with his hiring as GPB's Chief Compliance Officer. Given the nature of the charges, the government anticipates producing in Rule 16 discovery certain materials that encompass some of the same sensitive information the defendant is charged with unlawfully disclosing.

      Rule 16(d) of the Federal Rules of Criminal Procedure provides district courts with broad discretion to restrict discovery or inspection, where the government shows "good cause" for such restriction. Fed. R. Crim. P. 16(d). "Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" In re Terrorist Attacks on September 11, 2001, 454 F.Supp.2d 220, 222 (S.D.N.Y.2006) (quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir.2005)).

      Here, the discovery material at issue comprises: (1) confidential information regarding the SEC's internal databases and investigative practices and (2) information relating to

an ongoing investigation, including information disclosing the identities of witnesses relevant to that investigation. Disclosure of either category of information, either publicly, or to individuals associated with GPB, risks harming the SEC and the parallel law enforcement investigation, in that it would reveal sensitive details regarding their investigative practices and techniques that might hinder their ability to effectively conduct investigations, as well as harming the ongoing investigation into GPB, by prematurely revealing evidence and the identities of witnesses, possibly leading to the flight of targets, obstructive conduct, or witness tampering.

In view of these specific and particular harms, the government respectfully submits that the Proposed Order is appropriate. The Proposed Order is narrowly tailored in that its protections do not apply to all discovery but only that which is sensitive. Indeed, the government and defense counsel were able to reach agreement as to all terms of the Proposed Order, except for those providing that the defendant not be allowed to retain the sensitive discovery and requiring that he only review those materials in the presence of counsel. See Proposed Order ¶ 4. The government respectfully submits that this restriction is appropriate. Given the facts of this case, these restrictions strike a fair balance between the defendants' rights and the government's interests.

For the reasons set forth above, the government respectfully submits that the Court should enter the Proposed Order.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Lauren H. Elbert
Artie McConnell
Assistant U.S. Attorneys
(718) 254-7577/7150

cc:   Clerk of the Court (JFB) (by ECF)
      Defense counsel (by ECF)

JAM/LHE
F. #2018R01064

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MICHAEL COHN

        Defendant.

- - - - - - - - - - - - - - - - -X

[PROPOSED] PROTECTIVE
ORDER PERTAINING TO
DISCOVERY MATERIALS AND
OTHER SENSITIVE
INFORMATION

Docket No. 19-CR-097 (S-1) (JFB)

        IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    Any and all discovery material designated by the government as "sensitive discovery material" and produced to the defendant by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, may be used by the defendant and defense counsel for any purpose consistent with this order in furtherance of the representation of the defendant in connection with the above-captioned indictment;

        2.    Any and all sensitive discovery material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of and expert witnesses and interpreters retained by defense counsel, without further order of the Court;

3. Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of and expert witnesses and interpreters retained by defense counsel, shall be provided a copy of this Order and will be advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Order;

4. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody, or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any sensitive discovery material, and may not take sensitive discovery material, or copies thereof, into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess sensitive discovery material or copies in any such facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from sensitive discovery material to others.

5. Where the defendant and/or defense counsel wish to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 2, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

6.      None of the sensitive discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wish to attach any portion of the sensitive discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7.      The defendant and defense counsel will return to the government the sensitive discovery material and all copies thereof, whether in the possession of the defendant, defense counsel or members of the legal staff of and expert witnesses and interpreters retained by defense counsel, when defense counsel ceases to represent the defendant; and

    8.  Nothing in this Order shall preclude the defendant from using Sensitive Material at trial.

SO ORDERED
this ____ day of October, 2019

_____
THE HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK