

**575 Madison Avenue**
**New York, NY 10022-2585**
**+1.212.940.8800 tel**
**katten.com**

**Scott A. Resnik**
scott.resnik@katten.com
+1.212.940.6552 direct
+1.212.940.8776 fax

August 10, 2020

**VIA ECF**

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**     *United States v. Michael Cohn*, 19 Cr. 97 (GRB)

Dear Judge Brown:

We write to inform the Court that our client, Mr. Cohn, after consultation with counsel, has decided to waive his right to a jury trial and consents to a bench trial over a video-conferencing platform as proposed by the Court during his arraignment on July 27, 2020.   The government has informed defense counsel that it will not consent.  Mr. Cohn is thus filing a separate letter from the government to respectfully request that this Court order a bench trial over the government's objections.

At Mr. Cohn's arraignment, on July 27, 2020, the Court informed the parties that the extraordinary circumstances presented by the COVID-19 pandemic made it difficult to predict when Mr. Cohn's jury trial could be scheduled, but the Court was prepared to schedule and conduct a bench trial over video-conferencing technology if the parties agreed and if Mr. Cohn decided to waive his right to a trial by jury.  In light of the extraordinary circumstances presented by the COVID-19 pandemic and Mr. Cohn's desire to have a speedy trial pursuant to his rights under the Sixth Amendment to the United States Constitution,  Mr. Cohn has decided to waive his right to a jury trial and consent to a bench trial in the format offered by the Court.

On August 5, the government informed Mr. Cohn that it would not consent to a bench trial. While the government has not offered a reason for withholding its consent, Mr. Cohn submits that this Court has the power to order a bench trial over the government's objections due to the compelling and extraordinary circumstances presented by the pandemic, which will likely preclude a jury trial at least until well into 2021.

Although Federal Rule of Criminal Procedure 23(a)(2) requires the government's consent to a bench trial, the Supreme Court has recognized that "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer v. United States*, 380 U.S. 24, 37 (1965); *see also United States v. Gabriel*, 125 F.3d

# Katten

August 10, 2020
Page 2

89, 94 (2d Cir. 1997) (recognizing, without holding, that "compelling circumstances could arise that would justify granting a bench trial over government objection[s]"). Although *Singer* spoke of impartiality under the Sixth Amendment, the right to a speedy trial under the Sixth Amendment and the right to due process of law under the Fifth Amendment are no less important. *See, e.g., Klopfer v. State of N.C.*, 386 U.S. 213, 223 (1967) ("We hold here that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment."). Lower courts have similarly recognized the so-called *Singer* exception, while stressing that it only applies in extraordinary circumstances:

> There is a paucity of decisional law interpreting Singer. However, it seems to this Court that the very basic concepts of a criminal trial demand that judges engraft on this rule such exceptions as justice demands in the face of 'compelling' circumstances, when a defendant for such reasons desires to waive his constitutional right to a jury and expose himself to the exacting scrutiny of a judge as trier of fact.

*United States v. Panteleakis*, 422 F. Supp. 247, 248 (D.R.I. 1976) (granting waiver over the objection of the government) (citing *Singer*, 380 U.S. at 37); *see also United States v. Schipani*, 44 F.R.D. 461, 463 (E.D.N.Y. 1968) (ordering bench trial for retrial under Singer over government's objections when government had previously consented in part because "of special circumstances which render the government's refusal to consent to a non-jury trial unreasonable").

The current pandemic, which prevents Mr. Cohn from getting a speedy trial in front of a jury, is a "compelling circumstance" that empowers the Court to order a bench trial over the government's objections. *Gabriel*, 125 F.3d at 94. Mr. Cohn was arrested in February 2019 – over 18 months ago. He has taken every step to enforce his right to a speedy trial. In fact, the reason his case was transferred to this Court was that Mr. Cohn sought a timely June trial date, which the prior Court was unable to accommodate due to a scheduling conflict. Since the transfer of his case, the COVID-19 pandemic has caused his trial to be adjourned first to September and now without a date. *See* Administrative Order No. 2020-20 (suspending all jury trials until at least September 14, 2020 because of the "extraordinary impact" COVID-19 has had on the District which has "the highest number of documented cases of and fatalities from COVID-19 of any judicial district in the nation"); *see also* Administrative Order No. 2020-20-1 (noting that the "exigent circumstances created by the COVID-19 pandemic continue to date, as do the extraordinary impacts on court operations in this District, including the suspension of summoning jurors for petit and new grand jury service in order to protect health and safety and avoid large gatherings").

The COVID-19 Judicial Task Force's report on conducting jury trials during the pandemic has stressed that "[j]urors must be given reasonable assurance of their safety before participating in the jury process," which includes being "comfortable during the course of a trial, and be[ing]

# Katten

August 10, 2020
Page 3

able to focus on the evidence and not just the risk of a COVID-19 infection." Conducting Jury Trials and Convening Grand Juries During the Pandemic, Report of the Jury Subgroup (June 4, 2020). These reasonable assurances of juror safety are likely not possible anytime soon. *See, e.g., Fauci Supports Birx's Coronavirus Assessment After Trump Criticizes Her*, The New York Times (Aug. 4, 2020) ("Dr. Anthony S. Fauci, the nation's top infectious disease specialist, agreed on Monday with his colleague Dr. Debroah Birx that the United States has entered a 'new phase' of the coronavirus pandemic, in which the virus is now spreading uncontrolled in some states . . . ."); Tim Lawlis, *New COVID-19 Projections Show Resurgence Risk Gathering Around Large Cities, Particularly In Midwest & Northeast*, CBS Detroit (July 30, 2020) (stating that projections released by the Children's Hospital in Philadelphia predict a "dramatic virus resurgence," which will be "especially evident along the East Coast"); Joel Achenbach et al., *Coronavirus Threat Rises Across U.S.*, The Washington Post (Aug. 1, 2020) (examining the "new phase of the pandemic, one no longer built around local or regional clusters and hot spots"); Michael T. Nietzel, *As COVID-19 Resurges, More Colleges Revise Their Fall Plans*, Forbes (July 28, 2020) (noting that "[a] resurgence of the coronavirus pandemic is causing an increasing number of colleges to abandon or delay plans to open their campuses in the fall").

Under these circumstances, it is unlikely that Mr. Cohn will be able to obtain a jury trial, in a safe environment, for many months if not longer. His constitutional right to a speedy trial and due process of law is impaired by the ongoing delay. The Court's offer to conduct a bench trial with video-conferencing technology was an innovative proposal that offered Mr. Cohn a pathway to have his case tried in a timely manner. Mr. Cohn seeks to avail himself of this opportunity. Under these extraordinary circumstances, Mr. Cohn submits that the compelling exception noted by the Supreme Court in *Singer* has been satisfied and respectfully submits that the Court order a bench trial over the government's objection.

Respectfully Submitted,

_____
Scott A. Resnik
Michael M. Rosensaft
Vikas Khanna

Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Phone: +1.212.940.8800
Fax:    +1.212.940.8776