

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:LHE/JAM
F. #2018R01064

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 13, 2020

By ECF

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Michael Cohn
                 Criminal Docket No. 19-97 (S-2) (GRB)

Dear Judge Brown:

      The government respectfully submits this letter in response to the Court's August 11, 2020 Order directing the government to explain the legal and factual bases for its objection to a nonjury trial in the above captioned matter, as stated in its letter dated August 10, 2020. ECF Docket No. 92.

I.      Applicable Law

      Rule 23(a) of the Federal Rules of Criminal Procedure provides that where, as here, a defendant is entitled to a jury trial, "the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." As the Supreme Court has made clear, "[t]rial by jury has been established by the Constitution as the normal and preferable mode of disposing of issues of fact in criminal cases. . . . The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result." Singer v. United States, 380 U.S. 24, 35 (1965) (internal citation and quotation marks omitted); see also United States v. Sun Myung Moon, 718 F.2d 1210, 1217 (2d Cir. 1983) ("The ability to waive the benefit does not import a right to claim its opposite."). While the Sixth Amendment guarantees a defendant the right to an impartial jury, "[n]othing in the Constitution guarantees one the right to select his own tribunal or the right to a speedy and public trial by a fair and impartial judge." Id.; see also United States v. Bowles, 428 F.2d 592, 594 (2d Cir. 1970) ("[T]here is no constitutional right to a nonjury trial.").

      Where, as here, the government does not consent to a nonjury trial, it is not required to "articulate its reasons for demanding a jury trial at the time it refuses to consent to a

defendant's proffered waiver." Singer, 380 U.S. at 37. The only exception to the government's right to a jury trial is that its exercise "may not be conditioned or later revoked for a reason that infringes an individual's constitutional rights," such as to "punish" the defendant for exercising his First Amendment rights. Sun Myung Moon, 718 F.2d at 1218. In order to override the government's consent under this limited exception, a defendant must provide a "factual predicate" to support an allegation that the government's refusal to consent was designed to violate the defendant's constitutional rights. See id. Defendants have rarely, if ever, been able to make such a showing. See United States v. U.S. Dist. Court, 464 F.3d 1065, 1070 (9th Cir. 2006) ("[N]o United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection.").

II. Discussion

The Supreme Court has recognized that both the government and defendants have the discretion to decide whether to consent to a nonjury trial. Singer, 380 U.S. at 35. The requirement that both parties consent to a nonjury trial is consistent with the well-recognized significance of the impartial jury to the American system of justice. United States v. Ayeni, 374 F.3d 1313, 1320 (D.C. Cir. 2004) ("[O]ur opinions have repeatedly emphasized our conviction that the jury's role as fact finder is . . . central to our jurisprudence.") (Tatel, J., concurring); United States v. DeAlesandro, 361 F.2d 694, 697 (2d Cir. 1966) (affirming jury instructions stating that "the American, impartial jury system . . . is the very cornerstone of our democratic institutions"). The government's preference is to try felony criminal cases before a jury, which is consistent with the principles articulated by the Supreme Court in Singer, the guarantees of the United States Constitution and the democratic principles underlying it.

In his letter waiving his right to a jury trial, the defendant does not claim that the government is declining to consent in an effort to violate the defendant's constitutional rights. Ltr. Dated August 10, 2020, ECF Docket No. 93 ("Def. Ltr."). Indeed, there can be no claim that the government is somehow singling out the defendant by declining to consent to a nonjury trial; the government is unaware of any case in recent memory in which the government has consented to a nonjury criminal trial in this district.[1]

Instead, the defendant argues that the Court has the power to order a nonjury trial over the government's objection "due to the compelling and extraordinary circumstances presented by the pandemic." Def. Ltr. at 1. The government acknowledges that the current COVID-19 pandemic poses unique logistical challenges that may delay jury trials, including in this case. This is true, however, for all of the many jury trials that were scheduled to occur in federal courts across the country over the past several months, including a number in this district. The defendant has not articulated any compelling individual circumstances that differentiate him from the many other defendants whose cases remain pending. Indeed, as the defendant has been at liberty and subject to relatively unrestrictive pretrial monitoring during the pendency of this case, his claimed interest in proceeding immediately to a nonjury trial is not compelling. See

---

[1] Research has revealed only one prior case, in 1968, in which the government appears to have, at one point, consented to a nonjury trial in this district, though it subsequently sought to withdraw that consent. United States v. Schipani, 44 F.R.D. 461 (E.D.N.Y. 1968).

2

Order Setting Conditions of Release, ECF Docket No. 7 (permitting travel throughout the continental United States).

The current delay in the defendant's trial is minimal, and would not justify ordering a nonjury trial over the government's objection, even if such an order were permissible. The defendant points out that his case has been pending for approximately eighteen months, since his arrest in February 2019.[2] A period of eighteen months between indictment and trial, particularly in a white collar case involving substantial discovery, is well within the ordinary range, even when the courthouse is fully operational. Furthermore, the Speedy Trial Act does not require that a trial be scheduled within the next 70 days, as no time has elapsed under the Speedy Trial clock to date. See Orders to Continue, ECF Docket Nos. 6, 10, 14, 16, 19, 26, 68 & Order dated June 25, 2020 without docket entry; 18 U.S.C. § 3161(h) (authorizing courts to exclude time from the Speedy Trial clock).[3]

Moreover, the government respectfully submits that conducting a trial without a jury poses many of the same safety risks as a jury trial, and would still present significant logistical challenges. The defendant, the attorneys, the Court and its staff would still be congregated indoors, and the defendant and the parties would still be required to travel to and from the courtroom each day, necessitating contact with courthouse security staff and potentially other members of the public. And, while the court has raised the possibility of conducting testimony via videoconference, the government respectfully submits that while at times, videoconference may be the only available mechanism for presenting evidence, it is not a substitute for in-person testimony. The burden always remains on the government to prove its case, including during a pandemic and even in the context of a nonjury trial. Requiring the government to present all testimony in this complicated, document-intensive case through videoconferencing technology poses a substantial risk of prejudice to the government.

Finally, the defendant's claim that a jury trial cannot be safely conducted until some point prior to "well into 2021," Def. Ltr. at 1, is speculative and does not undermine the foregoing analysis. There remain many unknowns about the course and severity of the pandemic going forward, but, as the Court is undoubtedly aware, grand jurors have already been convening in this district for several weeks. The prospect of a convening a trial jury at some point in the relatively near future appears to be far from an impossibility, and is certainly not so uncertain as to warrant compelling the government to participate in a nonjury trial over its dispositive objection. Moreover, as discussed above, these circumstances are not unique to this defendant.

---

[2] 

[3] Further, a series of Administrative Orders issued by the Chief Judge of this district, recognizing the complexities of holding trials during the pandemic, have excluded time for all pending trials through September 14, 2020, in the interest of justice. See Administrative Order Nos. 2020-06, 2020-15 & 2020-20.

III.    Conclusion

        The United States Supreme Court has affirmed that Rule 23 of the Federal Rules of Criminal Procedure requires the government's consent to proceed to a nonjury trial. <u>Singer</u>, 380 U.S. at 35. The defendant has not and cannot allege that the government is withholding its consent in violation of a constitutional right, and has presented no basis for holding a nonjury trial, over the government's objection, in violation of Rule 23. Consequently, the Court should not order a nonjury trial.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:    /s/
Lauren Howard Elbert
Artie McConnell
Assistant U.S. Attorneys
(718) 254-7577/7150

cc:    Clerk of the Court (GRB) (by ECF)
        Defense counsel (by ECF and Email)