# Katten

575 Madison Avenue
New York, NY 10022-2585
+1.212.940.8800 tel
katten.com

SCOTT A. RESNIK
scott.resnik@katten.com
+1.212.940.6552 direct
+1.212.940.8776 fax

August 14, 2020

**VIA ECF**

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:    *United States v. Michael Cohn*, 19 Cr. 97 (GRB)

Dear Judge Brown:

On August 10, 2020, Mr. Cohn set forth the reasons why this Court should exercise its power to order a bench trial over the government's objections. On August 11, 2020, this Court ordered the government to set forth its "legal and factual bases for its objections to conducting a non-jury trial," [Dkt. No. 95], which the government thereafter submitted. We write to briefly respond to two points in the government's letter.

First, the government is incorrect that it has not consented to a "nonjury criminal trial in this district" in "recent memory." Gov't Ltr. at 2. The government claims that "[r]esearch has revealed only one prior case, in 1968, in which the government appears to have, at one point, consented to a nonjury trial in this district." Gov't Ltr. at 2 n.1 (citing *United States v. Schipani,* 44 F.R.D. 461 (E.D.N.Y. 1968) where Judge Weinstein ordered a bench trial over the government's objections). The government's research seems to be lacking as a quick search in Westlaw reveals numerous instances where the government has agreed to a bench trial in felony criminal cases in this District. *See United States v. Sobers*, 792 Fed. App'x 904 (2d Cir. 2020); *United States v. Dupree*, 767 Fed. App'x 181 (2d Cir. 2019); *United States v. Stewart*, No. 02-1554, 2003 WL 21734681 (2d Cir. 2003); *United States v. Male Juvenile*, 121 F.3d 34 (2d Cir. 1997); *United States v. Cefalu*, 85 F.3d 964 (2d Cir. 1996); *United States v. Calvert*, 100 F.3d 941 (2d Cir. 1996); *United States v. Romano*, 938 F.2d 1569 (2d Cir. 1991); *United States v. Lauck*, 905 F.2d 15 (2d Cir. 1990); *United States v. Marin-Buitrago*, 734 F.2d 889 (2d Cir. 1984); *United States v. Pagan*, 714 F.2d 225 (2d Cir. 1983); *United States v. Helgesen*, 669 F.2d 69 (2d Cir. 1982); *United States v. Fayer*, 523 F.2d 661 (2d Cir. 1975); *United States v. Freeman*, 498 F.2d 569 (2d Cir. 1974). This is a non-exhaustive list that only includes cases that were appealed to the Second Circuit and also appear on Westlaw. The government seems to be making a strategic choice as to how best to win its case, which is contrary to its role as a representative "of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935).

# Katten

August 14, 2020
Page 2

Second, the government claims that an eighteen-month period between indictment and trial "is well within the ordinary range . . . ." Gov't Ltr. at 3. While an eighteen month delay may be comfortable for the government, it is not for a defendant who "liv[es] under a cloud of anxiety, suspicion, and often hostility." *Barker v. Wingo*, 407 U.S. 514, 533 (1972). Indeed, "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States*, 505 U.S. 647, 655 (1992). Moreover, the expected delay here is not eighteen months, but much longer if a bench trial is not ordered. Expectations concerning the COVID-19 pandemic have only gotten more dire since Mr. Cohn submitted his letter four days ago. *See, e.g.*, Rachel Treisman, *CDC Director Warns This Fall Could Be The Worst Ever For Public Health*, NPR (Aug. 13, 2020) (quoting CDC director Robert Redfield warning that if Americans continue to not follow public health guidance, the country will be facing "the worst fall, from a public health perspective, we've ever had"); Siladitya Ray, *COVID Deaths Spike as U.S. Records Worst Daily Toll Since Mid-May*, Forbes (Aug. 13, 2020).

In this extraordinary situation, the Court has offered a process through a bench trial and video testimony that will protect the safety of the Court, the litigants, and witnesses; and will also ensure that Mr. Cohn's speedy trial rights under the Sixth Amendment are protected. For the reasons stated above and in his August 10th letter to the Court, Mr. Cohn submits that the compelling exception noted by the Supreme Court in *Singer* has been satisfied and respectfully requests that the Court order a bench trial over the government's objection.

Respectfully Submitted,

*/s/ Scott A. Resnik*
Scott A. Resnik
Michael M. Rosensaft
Vikas Khanna

Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Phone: +1.212.940.8800
Fax: +1.212.940.8776