

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:LHE/JAM
F. #2018R01064

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 1, 2020

By ECF

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Michael Cohn
                 Criminal Docket No. 19-97 (S-2) (GRB)

Dear Judge Brown:

        The government respectfully submits this letter to request that the Court enter a stay of its August 26, 2020 and August 31, 2020 Orders scheduling a non-jury trial to take place on September 8, 2020.  ECF Docket Nos. 99 & 101 (the "Orders").  The government respectfully submits that a stay of the Orders until the end of October would be in the interests of justice because it would allow the Court and the parties a more thorough opportunity to assess the possibility of proceeding to trial by jury, which is preferable under the law and is in the collective interests of the parties.  Should trial by jury prove impracticable by later this fall based on the totality of the circumstances and a more complete record, the government likely will exercise the discretion afforded to it by statute and consent to a bench trial.  See F.R.C.P. 23(a).  However, the government maintains that "the Government's consent is necessary for a trial without a jury," In re United States, 903 F.2d 88, 91 (2d Cir. 1990), and its "legitimate interest in seeing the case tried before the tribunal which the Constitution regards as most likely to produce a fair result" has not been overcome by any factual predicate in the record, Singer v. United States, 380 U.S. 24, 35 (1965); United States v. Sun Myung Moon, 718 F.2d 1210, 1217-18 (2d Cir. 1983).

        The government notes that a jury trial is scheduled to begin in the Central Islip courthouse on October 13, 2020 in United States v. Trimarco, 17-CR-583 (JMA).  See Order of the Hon. Joan M. Azrack, 17-CR-583, ECF Docket No. 115.  In that case, United States District Judge Joan M. Azrack has mandated a series of safety procedures to accommodate social distancing requirements in light of the COVID-19 pandemic, including the use of the ceremonial courtroom, mandatory use of masks and face shields, headsets so that the attorneys can attend sidebars without congregating in person, and digital display of all exhibits.  The government respectfully submits that the same mechanisms and procedures can be used in this case to allow the trial to proceed safely before a jury.  If, and to the extent, the Court is differentiating the

instant matter from Trimarco and the other criminal jury trials scheduled to begin in October in this District on the grounds that the defendant has a unique vulnerability to COVID-19, the government respectfully submits that this is not fully supported by the limited factual record before the Court.  Prior to making factual findings about the defendant's particular health concerns and the sufficiency of safety measures instituted in the courthouse and in connection with the other cases proceeding to trial before juries, the Court should require the defendant to present evidence and conduct a hearing if necessary.  While the government has no reason to doubt that the defendant's health conditions have been accurately communicated by defense counsel, the sole evidence of those conditions in the record is defense counsel's letter, dated April 28, 2020, ECF Docket No. 79, which does not supply an adequate foundation upon which to rest such a critical decision as whether to deny the government its right to a jury trial. Moreover, the specific health concern featured most prominently in the Court's decision, namely, the potential risk posed to the defendant by testifying without a mask in a socially distanced courtroom where all other participants will be required to wear masks, was not raised by the defendant in his motion.  Consequently, the record does not support the Court's conclusion regarding a deviation from the constitutional norm of a jury trial in finding a necessity of a bench trial to mitigate purported health concerns unique to this defendant.  A more thorough description of the defendant's health conditions would put the parties and the Court in a more informed position to evaluate the relative risks posed by proceeding to a jury trial with the procedures adopted in Trimarco.[1]

The government reaffirms its strong commitment to conducting felony trials by jury.  In the Court's August 26, 2020 Order, the Court listed several criminal cases in this District where trials were conducted without a jury.  However, in many of those cases, the court did not actually hear evidence and make findings of fact; to the contrary, the parties agreed on the facts establishing the defendant's guilt but decided to proceed with a trial on stipulated facts in order to afford the defendant, who did not otherwise dispute the government's evidence, the ability to appeal a pretrial decision, such as a decision on a suppression motion.  See August 26, 2020 Order at 14 (citing United States v. Dupree, 767 Fed. App'x 181 (2d Cir. 2019) (trial on stipulated facts to preserve the defendant's right to appeal suppression ruling); United States v. Stewart, 70 Fed App'x 50 (2d Cir. 2003) (trial on stipulated facts to preserve the defendant's right to appeal suppression ruling); United States v. Wellington, 417 F.3d 284 (2d Cir. 2005) (trial on stipulated facts to preserve the defendant's right "to preserve certain issues on appeal"); United States v. Ruiz Estrella, 362 F. Supp. 660 (E.D.N.Y. 1973) (trial on stipulated facts to preserve the defendant's right to appeal a suppression motion, wherein the parties agreed to use the suppression transcript in lieu of a trial); United States v. Romano, 938 F.2d 1569 (2d Cir. 1991) (trial on stipulated facts, reason not specified in opinion).  Here, there has been no suggestion by the defendant that he would be willing to proceed by stipulated facts—to the contrary, it is clear from the defendant's motions in limine, his response to the government's motions in limine and statements made by defense counsel during pretrial proceedings that he intends to vigorously dispute the government's evidence at trial.  As a result, the government reiterates its commitment to the constitutional norms afforded and protected by jury trial.  See Powers v. Ohio, 499 U.S. 400, 413 (1991); see also Williams v. Florida, 399 U.S. 78, 87 (1970).

---

[1] This process would also allow health experts to offer the Court particularized opinions, on the record, regarding the efficacy of the proposed health and safety protocols for a jury trial in the courthouse for this particular defendant.

The preference for jury trial also is supported by the fact that the defendant's right to a speedy trial has not been implicated thus far, and approximately 70 days remain on the speedy trial clock.

The government also respectfully submits that the Court's Orders should be stayed because proceeding to trial in approximately one week's time—and nearly a month earlier than the original proposed trial date—presents significant logistical hurdles that will unfairly prejudice the government's case. As the Court is aware, the parties were informed at a conference on June 25, 2020, that the earliest this case would be proceeding to trial would be October 5, 2020. While the Court retained discretion to advance that date, roughly one week's notice of the new, advanced trial date does not provide the government with reasonable time to give sufficient notice to its witnesses and to mitigate the travel, logistical and health safety concerns associated therewith.[2] The government currently estimates that it would call approximately 13 witnesses at trial, and all but two of those witnesses live outside of the New York City area, including in states that are on New York State's two-week quarantine list. Because nearly all of the government's witnesses reside out of state, scheduling their appearance as witnesses requires coordination of travel, accommodations, childcare and work arrangements; while such last-minute arrangements would be difficult during normal times (particularly given that September 8, 2020, is the day after Labor Day, when many schools are restarting), the fact that such arrangements will need to be made in the midst of a global pandemic adds a further layer of complexity, including, in some cases, navigating New York State's quarantine rules, which require a two-week period of quarantine to minimize the risk of the spread of the virus, as well as Administrative Order 2020-22, which may prevent entry to the courthouse of some of the government's witnesses. As a result, coordinating these logistics to ensure the availability of witnesses for next week will be extremely difficult, if not, in some cases, impossible.

In sum, the government respectfully submits that a stay of the Orders until late October, at which time the Court and the parties can reassess the possibility of proceeding to a trial by jury, would be in the interests of justice. Should trial by jury prove impracticable for this defendant despite the courthouse's enhanced health and safety protocols by later this fall, the government will reassess whether to join in a request for a bench trial in light of the totality of

---

[2] While the Court's August 26, 2020 Order made reference to proceeding to trial shortly after the conference scheduled for September 8, 2020, the government did not understand that to mean that presentation of evidence would begin on September 8, 2020, and instead proceeded on the understanding that trial would take place on or around October 5, 2020, as previously scheduled. The Court's Order of August 31, 2020 clarified for the first time the Court's expectation that trial would proceed just over a week later, during the week of September 8, 2020.

3

the circumstances of this particular case and in the interests of justice.   Presently, however, the government submits that the collective interests in a trial by jury should be pursued until reasonably exhausted.

                                                  Respectfully submitted,

                                                  SETH D. DuCHARME
                                                  Acting United States Attorney

                                 By:    /s/_____
                                                  Lauren Howard Elbert
                                                  Artie McConnell
                                                  Assistant U.S. Attorneys
                                                  (718) 254-7577/7150

cc:     Clerk of the Court (GRB) (by ECF)
        Defense counsel (by ECF and Email)